**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St., Suite 780**
**Woodland Hills, CA 91367**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddflaw.com**
*Attorneys for Plaintiff, Robin Sergi, and all others similarly situated*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN SERGI, individually, and on behalf of other members of the general public similarly situated,<br><br>    Plaintiff,<br><br>        vs.<br><br>HP, INC.,<br><br>    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)   Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq.*) and<br>(2)   Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br><br>**Jury Trial Demanded** |

Plaintiff Robin Sergi ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this class action Complaint against Defendant HP, INC. (hereinafter "Defendant") to stop Defendant's practice of falsely advertising printers that are claimed to have "HP Smart Install," a feature designed to allow for the easy software installation of the printers, when in fact this feature has been disabled from these printers, and to obtain redress for all California Purchasers ("Class Members") who purchased, within the applicable statute of limitations period, one of these printers manufactured by Defendant (hereinafter collectively referred to as the "Class Products").

2.      Defendant is a Delaware corporation and is engaged in the manufacture, sale, and distribution of computers and related equipment and services with its headquarters and principal place of business in California.

3.      Defendant represents that certain printers that have HP Smart Install will utilize this feature to allow the printers to obtain installation software automatically via the internet when they in fact do not contain this feature.

4.      Plaintiff and others similarly situated purchased these printers.

5.      Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated that the HP Smart Install feature would be installed in these printers, but in fact they were disabled from the printers sold to Plaintiff and others similarly situated, providing them with printers without the feature that they were advertised to have.

6.      Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase these printers, which Plaintiff and others similarly situated would not have purchased absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California

CLASS ACTION COMPLAINT

1  consumer protection statutes.

2  **NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

3  7.    Purchasers purchase printers advertised to have the HP Smart Install

4  feature included with the printers.

5  8.    The advertising of these printers included a statement assuring

6  customers that these printers will be easy to install because of the inclusion of

7  the HP Smart Install feature.

8  9.    Purchasers rely on the representations and advertisements of

9  retailers in order to know which printers to purchase. The difficulty of having to

10 install a printer can often times deter one from buying the printer.

11 10.   Defendant is a manufacturer that is engaged in the manufacture,

12 marketing, supplying and distributing of printers advertised to have HP Smart

13 Install included with the printer but in fact do not.

14 11.   Purchasers pay for the HP Smart Install feature as part of the

15 payment for the printers. When Purchasers purchase the printer they are

16 purchasing the printer for the features that are advertised to come with them.

17 12.   Defendant profits from both the sale of the printers and the HP

18 Smart Install feature. Without the HP Smart Install feature, many of the

19 Purchasers would not have purchased these printers because of the difficulty of

20 installing standard printers and the deterrence to the purchase of printers that the

21 difficulty in installation causes.

22 13.   In actual fact, the HP Smart Install feature is disabled and

23 unavailable for use on the printers that the Defendant advertises them to have.

24 14.   Purchasers are unable to ascertain the true features of the printers

25 until after they have purchased the printers and opened the boxes.

26 15.   Despite the fact that these printers do not include HP Smart Install,

27 Defendant and Defendant's employees nonetheless represent to Purchasers that

28

CLASS ACTION COMPLAINT

the printers include the HP Smart Install feature and benefit from such representations.

16.   Defendant conceals the fact that printers do not include the HP Smart Install feature.

17.   Defendant does not present Purchasers with a written copy of the correct terms of the purchase prior to purchase.

18.   Defendant makes written representations to Purchasers which contradict the actual features included with the printers.

19.   The aforementioned written and oral representations are objectively false, and constitute a false advertisement under Cal. Bus. & Prof. Code §§ 17500 et. seq., and an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.

20.   Defendant's violations of the law include, but not limited to, the false advertising, marketing, representations, and sale of the invalid Class Products to Purchasers in California.

21.   On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease advertising and selling the Class Products and an award of damages and restitution to the Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

22.   This class action is brought pursuant to Federal Rule of Civil Procedure 23.  All claims in this matter arise exclusively under California law.

23.   This matter is properly venued in the United States District Court for the CENTRAL District of California, in that Plaintiff purchased the printer online in Orange County.  Plaintiff resides in the CENTRAL District of California and Defendant does business, inter alia, in the CENTRAL District of California.

24.     There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

25.     In the case at bar, there are at least 10,000 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs.

## THE PARTIES

26.     Plaintiff Robin Sergi is a citizen and resident of the State of California and purchased a HP LaserJet printer from www.officedepot.com while Plaintiff was in Orange County, CA.

27.     Defendant HP, INC. is a corporation with its principal place of business located in Delaware and headquarters in California.  Defendant is a Delaware Corporation.  Defendant conducts a large share of its business within California.

28.     Plaintiff alleges, on information and belief, that Defendant's marketing campaigns, as pertains to this matter, were created by Defendant at its principle place of business in California, and were disseminated from California.

29.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or

CLASS ACTION COMPLAINT

third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

30.     Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

31.     At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

**PLAINTIFF'S FACTS**

32.     On or around September 30, 2016 Plaintiff purchased a LaserJet P1102w printer ("the printer") from www.officedepot.com, while Plaintiff was in Orange County.

33.     For the printer, Plaintiff paid more than valuable consideration.

34.     Including taxes and fees Plaintiff paid over $107.99.

35.     Defendant manufactured the printer with all relevant packaging and materials.

36.     On the webpage of the printer Defendant advertised easy printer software installation through the preinstalled HP Smart installed feature. In relevant part, the webpage said:

"With HP Smart Install, there is no CD needed to Install!"

37.     Plaintiff was drawn to the printer because of the written advertisements on the website, which gave him the impression the printer was a printer which would meet his needs and expectations. Plaintiff did not want any problems setting up the wireless printer and looked for the one that would be easiest to install wirelessly. He selected the HP LaserJet Pro P1102w because the

product description read "With HP Smart Install, there is no CD needed to Install!" Attached hereto as Exhibit A are printouts of the webpage.

38. Relying on the assurance that the HP Smart Install feature would be included with the purchase of the printer, Plaintiff decided to purchase the printer. Plaintiff purchased the printer because of the assurance of easy installation that was advertised through the HP Smart Install feature included with the printer. Plaintiff forewent purchasing these other brands and models of printers, in lieu of the printer, for this reason.

39. Before attempting to connect the printer to his computer, Plaintiff found a paper insert sheet that was titled "SMART INSTALL REMOVAL," which read "The Smart install Feature is now disabled by default."

40. The Insert Sheet indicated that Defendant knew that the HP Smart Install feature would not be available despite advertising as such.

41. Plaintiff still attempted to install the printer but struggled for some time. Plaintiff attempted to use the CD enclosed with the printer multiple times but has been unsuccessful in getting it installed wirelessly.

42. In fact, Plaintiff ended up purchasing a new computer because he believed that there may have been something wrong with his computer.

43. However, after struggling and being unable to install the printer on the new computer either, Plaintiff called tech support to seek their assistance.

44. Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

45. Defendant expressly represented to Plaintiff, through written statements, that the HP Smart Install would be available for easy and quick installation.

46. Plaintiff alleges that such representations were part of a common scheme to mislead Purchasers and incentivize them to purchase printers in spite

of the inhibition brought about by the difficulty of installing them.

47.   In purchasing the Class Products at the time of purchase of his printer, Plaintiff relied upon Defendant's representations that the printer would be effortless to install as a result of the inclusion of the HP Smart Install feature.

48.   Not only were such representations clearly false because the printers did not in fact include the HP Smart Install feature, but the Plaintiff's difficulty and inability to install the printer to his computer evidences that the printer was also not effortless to install.

49.   Plaintiff would not have purchased the printer if he knew that the above-referenced statements made by Defendant were false.

50.   Had Defendant properly marketed, advertised, and represented the Class Products as failing to include the HP Smart Install feature, Plaintiff would not have purchased the printer.

51.   Plaintiff gave his money to Defendant because of the HP Smart Install feature. Defendant benefited from falsely advertising the features included with the printer. Plaintiff received nothing for giving his money to Defendant for the HP Smart Install feature as it was not included with printer. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

52.   Had Defendant properly marketed, advertised, and represented the Class Products as failing to include the HP Smart Install feature, no reasonable consumer who purchased a printer would have believed that it came with the HP Smart Install feature leading to easy and quick installation.

53.   Plaintiff is informed, believes, and based thereon alleges that Defendant engaged in the exact same false misrepresentations and practices with respect to all the HP LaserJet Pro P1102w color model printers like the one that Plaintiff purchased as well as all the HP LaserJet Pro MFP M127F; HP LaserJet Pro

M130F; HP LaserJet Pro MFP M177F; HP LaserJet Pro MFP M128; HP Color LaserJet Pro MFP M176; HP Color LaserJet Pro MFP M177; HP LaserJet Pro P1109w; and HP LaserJet Pro M570 dn Printer. Hereafter, these model printers shall be collectively referred to as "Class Products."

## CLASS ACTION ALLEGATIONS

54.     Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

55.     The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All purchasers, who, in or after April of 2014 to the present, purchased one or more Class Products in the United States from an online website, and whose printer was advertised to include the HP Smart Install feature when in fact this feature had been disabled.

56.     As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

57.     In addition, Plaintiff seeks to represent the subclass ("the subclass") as defined as follows:

> All purchasers, who, in or after April of 2014 to the present, purchased one or more Class Products in the United States from an Office Depot online website, and whose printer was advertised to include the HP Smart Install feature when in fact this feature had been disabled.

58.     Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

59.     Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

60.     No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

61.     Rather, all claims in this matter arise from the identical, false, affirmative written statements that HP Smart Install would be included for Class Members' when contemporaneously purchased printers, when in fact, such representations were false.

62.     There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

        (a)     Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

        (b)     Whether Defendant made misrepresentations with respect to the Class Products sold to Purchasers;

        (c)     Whether Defendant profited from both the sale of the printers and HP Smart Install feature;

        (d)     Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*. and California Bus. & Prof. Code § 17500, *et seq*.;

        (e)     Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*. and California Bus. & Prof. Code § 17500, *et seq*.;

        (f)     Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

        (g)     Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

        (h)     The method of calculation and extent of damages for Plaintiff

and Class Members.

63.    Plaintiff is a member of the class he seeks to represent

64.    The claims of Plaintiff are not only typical of all class members, they are identical.

65.    All claims of Plaintiff and the class are based on the exact same legal theories.

66.    Plaintiff has no interest antagonistic to, or in conflict with, the class.

67.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendant during the Class Period.    Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences.  Plaintiff's claims are typical of all Class Members as demonstrated herein.

68.    Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

69.    Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**

**Violation of the California False Advertising Act**

**(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

70.    Plaintiff incorporates by reference each allegation set forth above.

71.    Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or

scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

72.   California Business and Professions Code section 17500, *et seq*.'s prohibition against false advertising extends to the use of false or misleading written statements.

73.   Defendant misled Purchasers by making misrepresentations and untrue statements about the Class Products, namely, Defendant sold the printers advertised to have the HP Smart Install feature included fully knowing this feature was disabled and non-functional, and made false representations to Plaintiff and other putative class members in order to solicit these transactions.

74.   Specifically, Defendant wrote on the webpages of these printers that the HP Smart Install feature was included with the printers and would lead to effortless installation.

75.   Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable Purchasers like Plaintiff and other Class Members.

76.   As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property.  Plaintiff reasonably relied upon Defendant's representations regarding the Class Products, namely that the printers included the HP Smart Install feature and would be easy to install/connect to their computers/computers.    In    reasonable    reliance    on    Defendant's    false advertisements, Plaintiff and other Class Members purchased the Class Products. In turn Plaintiff and other Class Members ended up with printers that turned out to actually be different than advertised, and therefore Plaintiff and other Class

CLASS ACTION COMPLAINT

1    Members have suffered injury in fact.

2        77.    Plaintiff  alleges  that  these  false  and  misleading  written

3    representations made by Defendant constitute a "scheme with the intent not to

4    sell that personal property or those services, professional or otherwise, so

5    advertised at the price stated therein, or as so advertised."

6        78.    Defendant advertised to Plaintiff and other putative class members,

7    through  written  representations  and  omissions  made  by  Defendant  and  its

8    employees, that the Class Products would include the HP Smart Install feature.

9        79.    Defendant knew that the Class Products did not in fact include the

10   HP Smart Install feature.

11       80.    Thus, Defendant knowingly sold Class Products to Plaintiff and

12   other putative class members that did not include the HP Smart Install feature.

13       81.    The misleading and false advertising described herein presents a

14   continuing threat to Plaintiff and the Class Members in that Defendant persists

15   and continues to engage in these practices, and will not cease doing so unless and

16   until forced to do so by this Court.  Defendant's conduct will continue to cause

17   irreparable injury to Purchasers unless enjoined or restrained.  Plaintiff is entitled

18   to preliminary and permanent injunctive relief ordering Defendant to cease their

19   false  advertising,  as  well  as  disgorgement  and  restitution  to  Plaintiff  and  all

20   Class Members Defendant's revenues associated with their false advertising, or

21   such portion of those revenues as the Court may find equitable.

### SECOND CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

25       82.    Plaintiff incorporates by reference each allegation set forth above.

26       83.    Actions for relief under the unfair competition law may be based on

27   any business act or practice that is within the broad definition of the UCL.  Such

28

violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

84.   California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to Purchasers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

85.   In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to Purchasers or competition; and, (3) is not one that Purchasers themselves could reasonably have avoided.

86.   Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them

falsely described printers (Class Products), which were not included in conjunction with said Class Products. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Sub-Class.

87. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that the Class Products included easy installation through the HP Smart Install feature, in order to induce them to spend money on said Class Products. In fact, knowing that Class Products, by their objective terms did not provide the HP Smart Install feature for Plaintiff and other putative class members' printers, unfairly profited from their sale, in that Defendant knew that the expected benefit that Plaintiff would receive from this feature is nonexistent, when this is typically never the case in situations involving additional features said to be included with a product. Thus, the injury suffered by Plaintiff and the members of the Sub-Class is not outweighed by any countervailing benefits to Purchasers.

88. Finally, the injury suffered by Plaintiff and members of the Sub-Class is not an injury that these Purchasers could reasonably have avoided. After Defendant, falsely represented that Class Products would include the HP Smart Install feature for Plaintiff and class members' mobile phones, these Purchasers suffered injury in fact due to Defendant's sale of Class Products to them. Defendant failed to take reasonable steps to inform Plaintiff and class members that the Class Products did not include the HP Smart Install feature, including failing to provide an opportunity to Plaintiff and class members to read and review the accurate features included with the Class Products prior to purchase. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase printers without the HP Smart Install feature. Therefore, the injury suffered by Plaintiff and

members of the Class is not an injury which these Purchasers could reasonably have avoided.

89.    . Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

## FRAUDULENT

90.    California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."   In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

91.    The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

92.    Here, not only were Plaintiff and the Class members likely to be deceived, but these Purchasers were actually deceived by Defendant.  Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that they included the HP Smart Install feature, even though the printers contained no such feature.  Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

93.    As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as including the HP Smart Install feature, falsely represented the features of the Class Products as well as the difficulty that would result when trying to install/connect the printer to the Plaintiff and Class Members' computers/computers.

94.     Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## UNLAWFUL

95.     California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

96.     As explained above, Defendant deceived Plaintiff and other Class Members by representing the Class Products as including the HP Smart Install feature, falsely representing the features included with the Class Products as well as the difficulty involved with installing/connecting the printers to Plaintiff and Class Members' computers/computers.

97.     Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

98.     These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

99.     Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## MISCELLANEOUS

100.   Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

101.   Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

102.   Plaintiff, on behalf of himself and the Class, requests the following relief:

(a)     An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)     An order certifying the undersigned counsel as Class Counsel;

(c)     An order requiring HP, INC., at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d)     An order requiring HP, INC. to engage in corrective advertising regarding the conduct discussed above;

(e)     Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class period;

(f)     Punitive damages, as allowable, in an amount determined by the Court or jury;

(g)     Any and all statutory enhanced damages;

(h)     Restitution for the monies spent by Plaintiff and Class members on the Class Products;

(i)     All reasonable and necessary attorneys' fees and costs

1    provided by statute, common law or the Court's inherent
2    power;

3        (j)    Pre- and post-judgment interest; and

4        (k)    All other relief, general or special, legal and equitable, to
5    which Plaintiff and Class Members may be justly entitled as
6    deemed by the Court.

7

8    Dated:  December 20, 2016        Respectfully submitted,

9    LAW OFFICES OF TODD M. FRIEDMAN , PC

10

11   By: /s Todd. M. Friedman
12   TODD M. FRIEDMAN, ESQ.
13   Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT